Anthony GORDON, Plaintiff,

v.

ILLINOIS NATIONAL GUARD, Maj. Gen. Richard Austin and James Edgar, Governor of Illinois, Defendants.

No. 98–4040.

United States District Court, C.D. Illinois.

April 26, 1999.

Stephen T. Fieweger, Katz McHard Balch Lefstein & Fieweger PC, Rock Island, IL, for Anthony E. Gordon, plaintiff.

Deborah L. Barnes, Asst. Atty. Gen., Springfield, IL, for Illinois Army National Guard, defendants.

## *ORDER*

MIHM, District Judge.

This matter is before the Court on Magistrate Judge Robert J. Kauffman's Report and Recommendation [# 15] regarding Defendants' Motion to Dismiss [# 8]. The Magistrate Judge concluded that the Motion to Dismiss [# 8] should be granted. This Court ADOPTS the Report and Recommendation [# 15]. This case is TERMINATED.

In the Report and Recommendation, the Magistrate Judge gave a brief rendition of the material facts alleged in the Complaint:

Plaintiff was an enlisted member of the Illinois Army National Guard, ranked First Sergeant. He alleges that he had orders to report for active duty; these orders were revoked because military physicians would not clear him for full duty, although his personal physicians had done so, and that he has therefore been precluded from significant opportunities for advancement, specifically appointment to the Sergeants Major academy. His continued insistence that he was medically fit ultimately led to a reduction in his rank from First Sergeant to Master Sergeant. Allegedly because of this "continuing pattern of discriminatory treatment," plaintiff transferred to the Army Reserves in July of 1997.

Report at 1–2.

Plaintiff alleges that the Defendants' conduct violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* Defendants moved to dismiss, arguing that the ADA did not apply to the military and, moreover, that the two individually named

defendants moved to dismiss on the ground that they were not employers within the meaning of the ADA. Because this Court agrees with the Magistrate Judge that the ADA does not apply to the military, the question of whether or not the individual defendants are "employers" is moot.

The Magistrate Judge concluded that the Motion to Dismiss should be granted since the ADA does not cover actions of the Illinois National Guard. While there appears to be no specific authority for whether the ADA covers a state's National Guard, there are ample reasons for concluding that it does not. In his Report and Recommendation, the Magistrate Judge drew from several Supreme Court cases which acknowledge the judiciary's long-standing reluctance to intervene in military affairs.

As the Magistrate Judge properly noted, in *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), the Supreme Court made it clear:

> [T]hat the Constitution contemplated that the Legislative Branch have plenary control over rights, duties, and responsibilities in the framework of the Military Establishment, including regulations, procedures, and remedies related to military discipline; and Congress and the courts have acted in conformity with that view.

*Id.* at 2366. Likewise, in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court held that the Federal Tort Claims Act does not provide for recourse for injuries sustained incident to military service in situations which would otherwise be an actionable wrong. In *Feres*, the Court focused on the unique relationship between the government and military personnel and noted that no liability existed before the Federal Tort Claims Act. More importantly, the *Feres* Court noted that Congress did not appear to create such a liability.

Plaintiff argues that the Magistrate Judge's conclusion was flawed because he did not take into account his allegation that a U.S. Army doctor found him fit and that it was, in fact, an Army National Guard physician who found him to be medically unfit and that this affected his relationship with the U.S. Army. Plaintiff concludes:

> That the Magistrate Judge's findings in the application of the *Feres* doctrine does not apply to the state national guard units.

Pl's Objection at 2.

Plaintiff supplies no authority for the assertion that the *Feres* doctrine does not so apply. Indeed, in the *Chappell* case, the Court explicitly drew parallels between the state-run national guard and the federal military.

In *Gilligan v. Morgan*, 413 U.S. 1, 93 S.Ct. 2440, 2442, 37 L.Ed.2d 407 (1973) [parallel citations omitted], we addressed the question of whether Congress' analogous power of the militia, granted by Art. I, § 8, cl. 16, would be impermissibly compromised by a suit seeking to have a Federal District Court examine the "pattern of training, weaponry, and orders" of a State's National Guard. In denying relief we stated:

> It would be difficult to think of a clearer example of the type of governmental action that was intended by the Constitution to be left to the political branches directly responsible—as the Judicial branch is not—to the electoral process. Moreover, it is difficult to conceive of an area of governmental activity in which the courts have less competence. The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments, subject *always* to civilian control of the Legislative and Executive Branches. The ultimate responsibility for these decisions is appropriately vested in the branches of the government

which are periodically subject to electoral accountability.

*Id.* at 2446 (emphasis in original).

This Court is also mindful of Congress' explicit expression of what the ADA is designed to remedy. In the Findings and Purpose section of the ADA, Congress states:

> The Congress finds that ... discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services.

42 U.S.C. § 12101(a)(3).

Notably absent from the above passage is any mention of the military. Given Congress' specific enunciation that such sectors as housing, transportation, public accommodations, and voting are a concern, this Court can only conclude that if Congress had intended the ADA to cover the military, it would have indicated that this was so.

### Conclusion

Accordingly, given the rarity of the Judiciary's intervention in military affairs, and Congress' silence on whether the military is a covered entity, this Court holds that the ADA does not cover actions taken by the Illinois National Guard. This Court therefore ADOPTS the Report and Recommendation [# 15]. The Defendants' Motion to Dismiss [# 8] is therefore GRANTED, and this Case is TERMINATED.